[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant were married on June 1, 1977 at New Haven, Connecticut.
All jurisdictional requirements have been met.
The marriage of the parties is broken down irretrievably and the same is hereby dissolved.
The court has considered all the statutory criteria contained in Connecticut General Statutes 46b-81 and 46b-82
and enters the following orders:
1. The plaintiff's maiden name of Marjorie Brill is restored.
2. The marital home shall be sold in accord with the sales contract entered into by the plaintiff. The defendant shall release the lis pendens filed on his behalf prior to the time of closing.
3. The net proceeds of the sale shall be divided between the parties as follows: $61,500 to the plaintiff, balance to the defendant.
4. The defendant shall pay as alimony to the plaintiff $275.00 per week subject to immediate wage withholding; until the death of either party, the plaintiff's remarriage or March 31, 2001.
5. As security for these alimony payments the defendant shall post his portion of the house sale proceeds.
6. The defendant shall hold the plaintiff harmless on the Thor-Pro credit line and shall indemnify her and hold her harmless thereon.
7. The defendant shall retain sole ownership of Thor-Pro, Inc. and Mecon, Inc.
8. The defendant shall be responsible for the First USA CT Page 2117 MasterCard. The plaintiff shall be responsible for credit cards solely in her name. Each shall be responsible for one-half of any joint credit card balance accumulated prior to the service of the dissolution writ. Each shall be responsible for their own post-service charges. Each shall hold the other harmless as to this order's obligations.
9. Each party shall be responsible for their own medical insurance and/or costs.
10. Each party shall be responsible for their own counsel fees.
11. The plaintiff shall assume the lease for the car she is driving and the defendant shall assume ownership of the 1987 Mercedes. Each shall be responsible for the debt associated with their respective autos, and hold the other harmless thereon.
12. The plaintiff is awarded the contents of the marital home except the following which shall be the property of the defendant and removed prior to closing: one refrigerator, one air conditioner (non-fixture), one VCR, washing machine, bed (made by defendant), RCA 10" TV, Sony 19" TV, gold flatware, roll top desk, fish tanks, power tools, clothing, scuba gear, cameras, projection equipment, underwater color prints, artifacts, one-half dishes, pots, pans, utensils, and linens, three section white wall unit, navy sectional.
13. The parties shall divide equally the savings accounts, IRA and stocks listed on their financial affidavits.
14. The plaintiff shall have ownership of the Farmer's life insurance policy insuring the defendant, and the defendant shall maintain that policy or substitute another of equal face value for as long as he is obligated to pay alimony.
Elaine Gordon, Judge